NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TANGIBLE VALUE, LLC,** | Civil Action No. 10-1453 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| **TOWN SPORTS INTERNATIONAL HOLDINGS, INC.,** | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

  Currently pending before the Court is Defendant Town Sports International Holdings, Inc.'s ("TSI") motion to disqualify Paul Maselli as well as his entire law firm Maselli, Warren, P.C. ("Maselli Warren") from representing Tangible Value, LLC ("TV") pursuant to Rule of Professional Conduct ("RPC") 3.7. TV opposes TSI's motion to disqualify. The Court has fully reviewed all arguments made in support of and in opposition to TSI's motion. The Court considers TSI's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, TSI's motion to disqualify is DENIED.

**I. Background**

  The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein. This suit arises out of contract negotiations that took place in 2008 between TV and TSI regarding services TV would provide for TSI, which may or may not have resulted in a binding oral contract. TV says the contract was formed; TSI disputes

this allegation and contends no contract was created.  Mr. Maselli and his partner Brian Mills represented TV in those contract negotiations.  As a result of Mr. Maselli's involvement, TSI subpoenaed him and his firm for documents relating to the case.

TSI argues that Mr. Maselli and his firm must be disqualified from representing TV immediately pursuant to RPC 3.7.  RPC 3.7 states that "a lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) disqualification of the lawyer would work substantial hardship on the client...[A] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or 1.9." TSI argues that none of the aforementioned three exceptions contained in RPC 3.7 are applicable here. Moreover, TSI notes that TV and Mr. Maselli concede that he is a necessary witness.  TV, however, disputes that Mr. Maselli must cease his representation at this time.  TV argues that under RPC 3.7, Mr. Maselli may continue his representation until the eve of trial.

With regard to Maselli Warren, TSI argues that the firm in its entirety, must also be disqualified from representing TV.  TSI argues that the firm's disqualification is necessary for three main reasons: (1) to avoid confusion and "distortionary pressures" that exist when counsel is both a material deposition and trial witness and a paid advocate; (2) because other attorneys in addition to Mr. Maselli have relevant evidence regarding the case; and (3) given that there are only four commercial litigators at the firm in addition to Mr. Maselli, there is no way to effectively screen him from the work done on this case. *Defendant's Brief in Support,* [Docket

Entry No. 50 at *2]. As such, TSI contends that Maselli Warren should also be disqualified from representing TV.

TV, however, claims that Maselli Warren's disqualification is not necessary. In this regard, TV asserts that the firm should not be disqualified under RPC 3.7 because the Rule specifically states that another attorney in the same firm can act as a party's trial advocate unless barred from doing so because of a conflict under RPC 1.7 or 1.9, and there is no such conflict here.

## II. Analysis

RPC 3.7 governs the instant motion to disqualify. As noted above, RPC 3.7 provides as follows:

> a lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) disqualification of the lawyer would work substantial hardship on the client...[A] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or 1.9.

### A. MR. MASELLI'S DISQUALIFICATION

Both TV and TSI agree that Mr. Maselli will ultimately have to cease his representation of TV. The only question is when. RPC 3.7 is silent on the exact timing of disqualification or an attorney-witness, but states only that "a lawyer shall not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness." RPC 3.7 (emphasis added).

TSI relies on *United States v. Merlino,* 349 F.3d 144 (3d Cir. 2003) to support its argument that Mr. Maselli should be disqualified now. While the Third Circuit upheld and attorney's immediate disqualification, the *Merlino* case is clearly distinguishable. Indeed,

*Merlino* involved a criminal case in which an attorney's behavior was suspected of being in violation of several Rules of Professional Conduct, with RPC 3.7 being of only "secondary consideration."[1]  *Id.* at 152.  In fact, in its decision, the Third Circuit noted that "[t]he fact that the meeting at the prison could have led to [defense counsel] being called as a witness was a second source of potential conflict, as it is often impermissible for an attorney to be both an advocate and a witness. See Pa. R.P.C. 3.7(a)." *Id.* at 152.  This citation represents the only mention of RPC 3.7 in the entire *Merlino* opinion.  Furthermore, the District Court opinion underlying *Merlino: United States v. Borgesi,* 2000 U.S. Dist. LEXIS 14738 (E.D.P.A. 2000), never even explicitly references RPC 3.7.  Under these circumstances, the Court finds that neither *Merlino* nor *Borgesi* stand for the proposition that an attorney, such as Mr. Maselli, who will be a necessary witness, must be immediately disqualified during the pre-trial stage of proceedings.  This is consistent with the specific language of RPC 3.7, which states that "a lawyer shall not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness." (emphasis added).

In addition to *Merlino,* TSI relies principally on two other cases to support its argument that Mr. Maselli should be disqualified from representing TV at this juncture: *Freeman v. Vicchiarelli,* 827 F.Supp. 300 (D.N.J. 1993) and *The Sherwood Group, Inc. V. Ritterseiser,* 1991 U.S. Dist. LEXIS 7147 (D.N.J. 1991).  The Court, however, finds neither of these opinions persuasive.  While *Freeman* holds that "[t]he attorney-witness rule operates both during a trial and during pre-trial discovery and negotiations" (827 F.Supp. at 302), this decision was later

---

[1]The Court notes that *Merlino* involved Pennsylvania's Rules of Professional Conduct. Pennsylvania Rule of Professional Conduct 3.7, however, is identical to New Jersey's and as a result, said distinction is one that makes no practical difference.

called into question by a *Main Event Productions, LLC v. Lacy,* 220 F.Supp. 353 (D.N.J. 2002), a case upon which TV relies. *Main Event* takes issue with the finding that an attorney who will likely be a necessary witness should be disqualified from participating in pre-trial matters. The Court in *Main Event* determined that such a finding did not accord with RPC 3.7, which "is a prohibition only against acting as an 'advocate at trial'" *Main Event,* 220 F.Supp. At 356 (quoting RPC 3.7(a)). It also noted that many of the cases relied upon by *Freeman* dealt with "older versions of the advocate witness rule found in the Disciplinary Rules of the Code of Professional Responsibility" that prohibited an attorney from accepting employment where he could be a witness or required an attorney to "immediately withdraw upon learning or believing he would be a witness for his client or another party." *Id.*

Furthermore, the Court finds that *Sherwood* does not stand for the proposition that an attorney must be disqualified immediately after it becomes clear that he will be a necessary witness in the case. Indeed, the *Sherwood* opinion never discusses whether an attorney who will likely be a necessary witness must immediately be disqualified once the fact becomes apparent or whether the attorney may continue his representation until the time of trial. Instead, at best, *Sherwood* supports the proposition that the court, in its discretion, may disqualify an attorney during the pre-trial stage of proceedings. *See generally,* 1991 U.S. Dist. LEXIS 7147.

Here, the Court is unpersuaded that Mr. Maselli should be prevented from representing TV during the pre-trial stage of this case. The explicit language of RPC 3.7(a) only prohibits an attorney from acting as an "advocate at trial." In this regard, RPC 3.7(a) differs significantly from the former Disciplinary Rules of the Code of Professional Responsibility, which required an attorney's disqualification immediately when it became clear that the attorney would likely also

5

be a necessary witness.  As a result the Court finds that RPC 3.7(a) does not require Mr. Maselli's disqualification at this time.  Moreover, despite TSI's arguments to the contrary, the Court finds no reason to exercise its discretion to disqualify Mr. Maselli at this juncture.  Instead, the Court finds that Mr. Maselli may continue his representation of TV until the time of trial.  As a result, TSI's motion to disqualify Mr. Maselli is DENIED.

### B. CONTINUED REPRESENTATION OF PLAINTIFF BY ANOTHER MEMBER OF MASELLI WARREN

Prior to the adoption of RPC 3.7, the rule in place regarding attorney-witnesses was DR 5-101 which stated that where a lawyer will be a witness at a trial, the lawyer and his firm are required to withdraw as counsel for that party.  Pursuant to RPC 3.7, another attorney in the same firm as the attorney-witness may act as a party's trial advocate unless that attorney is barred from doing so because of another conflict of interest under either RPC 1.7 or 1.9.  In addressing the language of RPC 3.7, TSI neither defines RPC 1.7 or 1.9, nor does TSI assert or allege any potential conflicts that would otherwise disqualify the remaining attorneys at Maselli Warren from representing TV.

TSI sets forth one case in which a firm was disqualified from further representation: *Foley, Inc. V. Fevco, Inc.,* 2006 N.J. Super. Unpub. LEXIS 950 (App.Div. May 9, 2006).  In *Foley,* the Court determined that both an attorney and his law firm should be disqualified from further representation. *Id.* at 4.  However, the Court came to this conclusion by referencing its previous published opinion on the case, which makes no mention of disqualification or the specifics of the relationship between the clients and the firm regarding conflicts.  Without more, *Foley* merely stands for the proposition that a court has at one point disqualified a firm in

addition to the attorney-witness, under RPC 3.7.  It provides little, if any, support for TSI's argument that Maselli Warren should be disqualified here.  Futher, the Court finds TSI's remaining reasons for disqualifying Maselli Warren (i.e. that Mr. Maselli is the named principal of his firm, that the firm is small, meaning other attorneys would be "tainted," or that it would create an "unseemly appearance") unpersuasive.  TSI has not established any conflict for the firm under RPC 1.7 or 1.9 and therefore the Court finds no reason to disqualify Maselli Warren under RPC 3.7.  This is especially true in light of the fact that "[d]isqualification of counsel is a 'drastic remedy' that is not to be granted lightly." *Foley,* at 2, quoting *J.G. Ries & Sons, Inc. v. Spectraserv, Inc.,* 384 N.J. Super. 216, 231, 894 A.2d 681 (2006). As a result, TSI's motion to disqualify Maselli Warren from representing TV is DENIED.

**IT IS SO ORDERED**; and

**IT IS FURTHER ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 50].**

Dated: October 1, 2012

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**