UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER COURTHOUSE
402 EAST STATE ST., ROOM 7000
TRENTON, NJ 08608
609-989-2009

**Not for Publication**

LETTER OPINION & ORDER

April 2, 2014

**VIA CM/ECF**
All counsel of record

  Re: *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc., et al.*
     **Civil Action No. 10-1453 (MAS) (TJB)**

Dear Counsel:

  This matter comes before the Court upon Defendants Town Sports International, LLC, and Town Sports International Holdings, Inc.'s ("Defendants") Motion for Contempt and Sanctions pursuant to Federal Rule of Civil Procedure 37(b) based on Plaintiff's alleged failure to comply with Court orders. Magistrate Judge Tonianne J. Bongiovanni entered a written Report and Recommendation ("R&R") on November 22, 2013. The docket indicates that both Plaintiff and Defendants were electronically served with the R&R, and that no objections to the R&R were filed within the 14 days provided by Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.1(c)(2).

  A court must perform a *de novo* review of any portions of an R&R to which objection is made. L. Civ. R. 72.1(c)(2). A court need not review a Magistrate Judge's R&R when no objections have been filed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Nevertheless, "the better practice is for

the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

The Court has carefully reviewed Judge Bongiovanni's thorough and well-reasoned R&R. In the R&R, Judge Bongiovanni considered and applied each of the six factors set forth in *Poulis v. State Farm Casualty Co.* in order to determine the appropriateness of sanctions. *See Poulis*, 747 F.2d 863 (3d Cir. 1984). First, Judge Bongiovanni found Plaintiff solely responsible for its failure to comply with the Court's orders. Second, Judge Bongiovanni found that Plaintiff's failure to respond to discovery requests and comply with court orders has prejudiced Defendants. As to the third *Poulis* factor, Judge Bongiovanni found that Plaintiff has had a history of dilatoriness. Fourth, Judge Bongiovanni did not find that Plaintiff acted in bad faith or willfully ignored or failed to comply with discovery requests or court orders. Judge Bongiovanni found that alternative sanctions were unnecessary under the fifth factor. As to the sixth factor, Judge Bongiovanni was unable to determine the meritoriousness of Plaintiff's claim. Judge Bongiovanni concluded that Plaintiff's actions did not rise to the level necessary for dismissal of the case. Judge Bongiovanni also found an award of attorney's fees appropriate.

The Court has performed a thorough review of the underlying motion papers and the R&R and agrees with Judge Bongiovanni's reasoning and conclusion. It is therefore ORDERED that Judge Bongiovanni's November 22, 2013 R&R is ADOPTED. As such, Defendants' motion for the Sanction of Dismissal is DENIED. In addition, Defendants' request for Attorney's Fees is GRANTED. Counsel shall submit a fee application to Judge Bongiovanni by April 11, 2014.

                                                                         s/ Michael A. Shipp
                                                                         MICHAEL A. SHIPP
                                                                         UNITED STATES DISTRICT JUDGE