<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TANGIBLE VALUE, LLC.** | **Civil Action No. 10-1453-MAS-TJB** |
| **Plaintiff,** | |
| **v.** | |
| **TOWN SPORTS INTERNATIONAL HOLDINGS, INC., TOWN SPORTS, INTERNATIONAL, LLC, AND RADCLIFF GROUP, LLC** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

<u>**BONGIOVANNI, United States Magistrate Judge**</u>

This matter comes before the Court upon Motion by Defendants Town Sports, International, LLC, and Town Sports International Holdings, Inc. (collectively "Defendants") for Attorney's Fees and Expenses. [Docket Entry No. 70]. Plaintiff Tangible Value ("Plaintiff" or "TV") opposes the Motion. [Docket Entry No. 72]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Defendants' Motion. For the reasons set forth, Defendants' Motion for Attorney's Fees and Expenses shall be GRANTED IN PART.

## I. Background

The lawsuit preceding this fee application arises out of a dispute over an alleged oral contract where Plaintiff agreed to develop software for Defendants. Plaintiff asserts that an oral contract for software development was formed in 2009. Defendants deny that a contract was ever formed.

On March 19, 2010, Plaintiff brought suit to recover payment for services rendered. The bulk of their claim, Invoice No. 2225, stated an unpaid balance of $845,680. Defendants requested Plaintiff produce metadata, documents, and other discovery related to this invoice. They refused.

On April 16, 2013, the Court advised both parties that Defendants are entitled to discovery regarding Invoice No. 2225 as it is likely to lead to relevant evidence. The Court then ordered production of all metadata and electronic discovery relating to this invoice. It was later discovered that the invoice was not real but was "created by the Plaintiff after the fact to justify a damage claim." (*See* Report and Recommendation at 7; Docket Entry 66). When it was discovered that Invoice No. 2225 was not real, Plaintiffs reduced their damage claim to $163,495 and Defendants filed a motion for contempt and sanctions.

In the November 22, 2013 Report and Recommendation, this Court noted that, "[t]here is significant prejudice when a party is deprived of discovery and is required to repeatedly ask its adversary to comply with discovery obligations and to request relief from the Court again and again." (*Id.* at 9) Although the underlying lawsuit was not dismissed, this Court recommended that Defendants' request for attorney's fees be granted. The District Court, by Order dated April 2, 2014, approved this recommendation and directed Plaintiffs to reimburse Defendants for attorney's fees expended as a result of their failure to comply with discovery obligations.

On April 11, 2014, Defendants filed their fee application seeking to recoup $93,972.67 for 345.5 hours of work, including, but not limited to, 80.8 hours for drafting their motion for contempt and sanctions, 28.1 hours for drafting the reply in support of their motion for contempt and sanctions, and 89.9 hours for preparing their fee application. Defendants now seek an

2

additional $20,931.52 for 77.7 hours expended preparing their reply brief.   In sum, Defendants'

fee application is for $114,904.19 and 423.2 hours of work.

Of the 423.2 hours, Plaintiff does not object to 59.8 hours of work.   Nor does Plaintiff

object to Defendants' billing rates.   However, Plaintiff contests the remaining 363.4 hours,

claiming that they are "excessively unreasonable in light of the tasks performed." (*See* Brief in

Opposition to Motion for Attorney's Fees ("Opp. Br.") at 20; Docket Entry No. 72.)

## II. ARGUMENTS

### A.      Defendants' Arguments

Defendants seek attorney's fees and costs in this matter pursuant to the District Court's

Order.   In support of their fee application, Defendants submit the Declaration of William H.

Newman, Esq. to summarize: (1) the services provided to Defendants; (2) the hours dedicated to

those services; (3) the experience of the firms' attorneys; and (4) the rates at which the firm

billed its clients.   (*See* Cert. of William H. Newman, Esq. ("Newman Cert.") at 1; Docket Entry

No. 70-1)

Defendants argue they are entitled attorneys' fees since opposing counsel "concealed

successive violations of Court discovery orders behind false certifications…" (*Id.*)   The withheld

discovery was important and included private emails between TV's principal and other

employees discussing the oral contract at issue. (*Id.* at 2)   In its Report and Recommendation,

this Court noted that "Plaintiff's production deficiencies required numerous telephone

conferences, Court Orders or instructions, and extensions in the discovery schedule." (*See* Report

and Recommendation of 11/22/2013 at 9; Docket Entry 66).   Defendants do not believe that

their fee application is excessive and seek reimbursement for all time spent by reason of

3

Plaintiff's obstruction, including time spent on the fee application and reply memorandum in support.

The initial fee application includes services rendered by three attorneys: Jordan Stern, Zeb Landsman, and William H. Newman.   Mr. Stern performed 172.9 hours of work, Mr. Newman 94.8, and Mr. Landsman 9.6 hours of work.   Paralegals Lindsay Mueller, Elizabeth Greenspan, Jacob Baritz, and Richard Marisco also performed 68.2 hours of work for which Defendants seek reimbursement.   The breakdown of fees requested is as follows:[1]

- Zeb Landsman, Esq.: 9.6 hours at $425-$562.65 per hour

- Jordan Stern, Esq.:172.9 hours at $288-$388.30 per hour

- William H. Newman, Esq.: 94.8 hours at $179.12-$251.10 per hour

- Lindsay Mueller: $139.50-$153.45 per hour

- Richard Marsico: $101.85-$134.85 per hour

- Elizabeth Greenspan: $125.55 per hour

- Jacob Baritz: $94.85-$125.55 per hour

As noted above, Defendants seek an additional $20,931.52 for 77.7 hours spent working on the reply brief for their fee application.

**B.      Plaintiff's Argument**

As a threshold matter, Plaintiff does not dispute that this matter is appropriate for the reimbursement of attorney's fees.   Plaintiff acknowledges that reasonable fees are awarded in

---

[1] The Court notes that the requested fees appear mostly as ranges given the fact that defense counsel gave their clients various discounts during the course of this litigation for the work performed.

cases such as this, but asserts that the fees requested by Defendants are excessive and unreasonable.

Plaintiff alleges that many of the numerous hours charged by defense counsel are "the product of attorneys billing for the same task, extensive intraoffice conferences among Town Sports Attorneys, impermissible billing practices where multiple time entries are lumped into one time entry and inflated billing." (*See* Opp. Br. at 2-3).   In support of its argument, Plaintiff cites to the New Jersey Rules of Professional Conduct, Rule 1.5(a), Section 330 of the Bankruptcy Code, and prior case law.   Plaintiff objects to the number of hours billed, the specificity of Defendants' time ledger, and the content for which Defendants' seek reimbursement.   Plaintiff does not object to Defendants' billing rates.   (*See Id.* at 2-7)

Plaintiff argues that Defendants' fee application is unreasonable because the discovery violations that occurred were not complex issues. (*Id.* at 6)   Plaintiff also alleges that Defendants' fee application is duplicative and fails to account for time that "would have been spent reviewing discovery regardless of any alleged discovery violation . . . ." (*Id.* at 8).   As an example, Plaintiff points to Defendants' request to be reimbursed for 4.3 hours of attorney time and 4 hours of paralegal time reviewing TV's initial document production. It claims this is work that would have been done irrespective of a discovery violation. ( *Id.* at 8)

In addition, Plaintiff argues that Defendants' internal attorney conferences are not compensable without special explanation of their necessity. (*Id.* at 7)   In support of its argument, Plaintiff cites *In re Nashville Union Stockyard Restaurant Co.*, 54 B.R. 391, 396 (M.D. Tenn. Bankr. 1985), a bankruptcy case analyzing the framework of Section 330 of the Bankruptcy Code (Compensation of Officers).

Plaintiff also makes several ancillary arguments with respect to why Defendants' attorney's fees should be reduced. Plaintiff claims the fees sought are disproportionate to the damages at stake. Indeed, Plaintiff notes that over one hundred thousand dollars of attorney's fees are sought here where the damages claim is only for $163,495. (*Id.* at 2) Additionally, Plaintiff suggests that because the Court found that it did not act in bad faith or willfully ignore discovery requests or Court orders, the amount sought should be reduced. (*Id.* at 3)

### C.     Defendants' Reply Arguments

Defendants respond by stating they have provided adequate support to show that their requested hours are reasonable. They do not believe their work was duplicative or excessive. They contend that "97% of the attorney work for which [Defendants] seeks reimbursement was performed by an associate and a supervising counsel." (*See* Reply Brief in Support of Motion for Attorney's Fees ("Reply Br.") at 5; Docket Entry No. 74.)

Defendants disagree with the case law cited by Plaintiff regarding internal attorney conferences. They believe these conferences are compensable and claim Circuit Courts often award fees for internal conferences because they are "necessary, valuable, and often result in greater efficiency and less duplication of effort. . . ." (*Id.* at 5) (citing *Apple Corps. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 488 (D.N.J. 1998)).

Defendants also take issue with Plaintiff's ancillary claims. Defendants argue Plaintiff erroneously compares the ratio between the underlying damages claim and the present fee application. In this regard, Defendants note that Plaintiff initially sought damages exceeding $1,000,000 and only reduced their claim to $163,495 after Defendants began inquiring into the metadata behind Invoice No. 2225. Indeed, Defendants argue that their efforts to discover

information supporting Plaintiff's invoice caused Plaintiff to reduce its damages claim by more than 85% in a "last ditch effort to contend that discovery into its million-dollar claim was irrelevant." (*Id.* at 2)   Additionally, Defendants argue that Plaintiff has misinterpreted the Court's finding in its Report and Recommendation.   In fact, while Defendants acknowledge that the Court, in the Report and Recommendation, found that Plaintiff had not acted willfully or in bad faith, Defendants also argue that this finding is not relevant to the determination of their reasonable attorney's fees.

### III.  Analysis

The Federal Rules of Civil Procedure govern sanctions against a party for discovery violations, including the award of reasonable expenses and attorney fees.   When the Court has determined there has been a failure to follow a Court Order, the rules state that, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C).

### A.      Reasonableness of Hourly Rate

When evaluating a fee application, Federal District Courts must calculate the "lodestar" amount by multiplying the attorney's reasonable hourly rate by the number of hours reasonably spent.   *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 (3d Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).   To determine a reasonable hourly rate, the Court must assess the skill and experience of the attorneys and compare their rates to the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blakey v. Continental Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998).   In the present matter, the hourly rates sought by defense counsel are as follows:

7

| ATTORNEY | TITLE | RATE | SUGGESTED RATE |
|----------|-------|------|----------------|
| Jordan Stern | Counsel | $288-388.30 | No objection |
| William H. Newman | Associate | $179.12-$251.10 | No objection |
| Zeb Landsman | Partner | $425-$562.65 | No objection |

The party seeking attorney's fees has the burden of producing sufficient evidence of what constitutes a reasonable market rate for the character and complexity of the legal services rendered. *Id.* at 603. If an objection is lodged, the party seeking to recover fees bears the burden to show that the fee request is reasonable. *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The fee applicant must provide appropriate documentation of the hours spent and the market rate. *Hensley*, 461 U.S. at 433. If the documentation is inadequate, a court may reduce the award accordingly. *Id.* In support of their fee application, Defendants have submitted the Certification of William H. Newman to detail each attorney's education, specialty, and relative experience. Defendants have also cited numerous Third Circuit cases affirming similar rates as those charged by Defendants.

Case law clearly supports the reasonableness of the rates billed by defense counsel and their staff. *See e.g., Jama v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 181 (3d Cir. 2009) (noting that fees ranging from $600 for a partner to $205 for a first-year associate were reasonable); *In re Mercedes-Benz Tele Aid Contract Litig.*, Civ. No. 07-2720 (DRD), 2011 WL 4020862, at *7 (D.N.J. Sept. 9, 2011) (holding that hourly rates up to $750 for partners and $560 for associates were reasonable); *Illinois Nat'l Ins. Co. v. Wyndham Worldwide Operations*, Civil Action No. 09-1724, 2011 WL 2293334, at *2 (D.N.J. Jun. 7, 2011) (noting that hourly rates up to $540 for partners, $360 for associates, and $162 for paralegals were reasonable); *Aerogroup*

*Internat'l, Inc. v. Ozburn-Hessey Logistics, LLC*, 2011 WL 1599618, at *2-3 (D.N.J. Apr. 27, 2011) (affirming the undersigned's determination that hourly rates of up to $625 for partners, $340 for associates, and $160 for para-professionals are within the arena of reasonable rates). More importantly, Plaintiff has submitted no evidence to contest Defendants' hourly rates.   As such, the Court is satisfied that Defendants have carried their burden of showing that the hourly rates charged are reasonable based on the prevailing market rate.

> **B.    Reasonableness of Hours Billed**

The Court now focuses its analysis on the number of hours worked.   The party seeking fees has the burden to come forward with evidence establishing the number of hours worked. *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997).   In the present matter, Defendants have included a summary chart of the work for which they seek compensation, broken down by category of work as well as a printout from their time recording system showing each time entry for which they seek compensation. (*See* Newman Cert. at 2; Docket Entries No. 70-2, 70-3, 70-4).

If there is a dispute with respect to a fee application, the opposing party must make specific objections.   *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).   Once an adverse party raises specific objections to the fee request, the District Court has a great deal of discretion to adjust the fee award in light of those objections.   *Id.*   However, the District Court cannot decrease a fee award based on factors not raised at all by the opposing party.   *Id.*

While the lodestar is presumed to yield a reasonable fee, *Washington v. Pa. County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996), either party may seek an adjustment of the lodestar amount by showing an adjustment is necessary.   *Mosaid Techs., Inc. v. Samsung Elecs.*

*Corp.*, 224 F.R.D. 595, 597 (D.N.J. 2004).   In deviating from the lodestar, courts may consider numerous factors, including, for example, the time spent and labor required; the novelty and difficulty of the legal issues; the customary fee in the community; whether the fee is fixed or contingent; the nature and length of the professional relationship with the client; and awards in similar cases. *See Public Interest Research Group v. Windall*, 51 F.3d 1179, 1185 n.8 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).   Indeed, the District Court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is" (*Bell v. United Princeton Properties*, 884 F.2d 713, 721 (3d Cir. 1989)), and "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." *Evans v. Port Auth. of NY & NJ*, 273 F.3d 346, 362 (3d Cir. 2001).

### C.      Calculating the Lodestar

Both parties have included detailed analysis of the billable hours requested in this fee application.   The Court will follow the same line by line approach keeping in mind that the Supreme Court expects counsel to exercise "billing judgment" and has instructed District Courts to exclude hours that were not "reasonably expended" including "excessive, redundant, or otherwise unnecessary" work.   *Hensley*, 461 U.S. at 434.   Defendants' fee application indicates that all counsel, including paralegals, expended 423.2 hours on this case.   The Court assesses the reasonableness of same below.   In so doing, the Court finds that as a general rule, time spent on internal attorney conferences are compensable.   *See Apple Corps.*, 25 F.Supp.2d at 488.

10

1.      **Assessment of Deficiencies in Initial TV Document Production—8.3 Hours**

Plaintiff argues that Defendants should not be reimbursed for any of these 8.3 hours because "this time would have been spent reviewing discovery regardless of any alleged discovery violation." (*See* Opp Br. at 8).   Defendants, however, argue that the 8.3 hours are not duplicative and believe they should be fully compensated.   Defendants claim the extra work was a necessary product of Plaintiff's discovery violations.   They note that these 8.3 hours include time spent (i) conducting a careful review of the emails produced; (ii) identifying various categories of other discovery Plaintiff had failed to produce; and (iii) developing electronic search terms for Plaintiff to use on its email system.   (*See* Newman Cert. at 5).

The Court finds these hours to be compensable and finds no reason to reduce the amount charged.

2.      **Extensive Written and Oral Communications with TV Regarding Deficiencies in Its Initial Document Production—9.8 Hours**

Plaintiff argues that this entry should be reduced because (i) time was spent reviewing the same documents; (ii) extensive edits were made to an e-mail which was then converted to a letter; and (iii) internal attorney strategy discussions are not compensable.   As such, Plaintiff specifically challenges 8.1 hours of the time charged.   Defendants, however, argue that the amount billed for this entry is reasonable given the task at hand.   Defendants' work included "multiple meet and confers…by phone, drafting a letter (which had nine paragraphs, detailing specific unaddressed document requests), and reviewing a response letter from TV's counsel." (*See* Reply Brief at 8).

11

As a matter of law, 1.7 hours of time will be awarded to Defendants because they are uncontested.   Of the remaining 8.1 hours, the Court finds that these hours should be reduced by 2 to account for certain time entries which appear disproportionate to the tasks at hand.   The Court finds that the time spent discussing and addressing the issues with Plaintiff's document production to be excessive.   In sum, Defendants will be compensated for 7.8 hours for this entry. Further, the Court finds that the 2 hours reduced shall be reduced at a rate of $250.00 per hour, which reasonably takes into account the fact that  most, but not all, of the excessive work was performed by the associate.

> 3.     **August 11, 2011 Court Conference Regarding Deficiencies in TV Document Production, Including Preparation for the Conference—1.8 Hours**

Plaintiff argues that this entry should be reduced because Defendants "prepared for this court conference longer than the conference itself." (*See* Opp. Br. at 9).   Defendants, however, contend that this is an unfair measurement and the time spent preparing for this conference, including the possibility of oral argument, should be compensable.

The Court finds Plaintiff's argument to be a conclusory statement and unpersuasive. Accordingly, Defendants will be compensated for the total 1.8 hours, which the Court finds to be reasonable.

4.    **Extensive Written and Oral Communications with TV Regarding Deficiencies in Its Second Document Production—5.8 Hours**

Plaintiff argues that this entry should be significantly reduced because the collective time spent drafting this letter was "more time than flying by commercial airplane from Newark, New Jersey to San Francisco, California." (*See* Opp. Br. at 9).   In contrast, Defendants argue that 5.8 hours is proper because it was time-consuming work and Plaintiff had already twice failed to cure its deficiencies.   Defendants produced a three-page letter identifying precisely what remained to be produced.   According to the Defendants, "this letter (i) summarized each of the categories of TSI's document requests and (ii) identified deficiencies in TV's document production by those categories." (*See* Reply Br. at 10).

The party opposing the fee has the burden to challenge with sufficient specificity the reasonableness of the request.   *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir.1989). The Court finds Plaintiff's argument lacking in specificity and unpersuasive. Defendants are entitled to compensation for these 5.8 hours.

5.    **October 20, 2011 Court Conference Regarding Deficiencies in TV Document Production, Including Review of Outstanding Deficiencies and Preparation for Conference—3.1 Hours**

Plaintiff argues that this entry should be reduced by 1.2 hours because the Court should not allow (i) .6 hours for the paralegal time of gathering documents and preparing a chart; and (ii) .6 hours for two internal attorney conferences.   Defendants, however, argue that both of these categories are proper.   Defendants claim they actually reduced their costs by using paralegals instead of attorneys to gather and prepare documents for the conference.   Defendants also argue that their internal attorney conferences are compensable since they lead to greater efficiencies.

13

The Court finds these entries to be valid and reasonable and no reduction in time will be granted.   When internal attorney conferences are combined in a single entry with other tasks, it becomes unclear how much time is allocated to each and the Court is less inclined compensate counsel for the time.   However, these entries are clearly distinguishable and Defendants are entitled to compensation.

6.   **Investigation of Invoice No. 2225, including Review and Assessment of TV's Document Production for Information Suggesting the Invoice's Derivation—19.2 hours**

Plaintiff, without explanation, assumes that Defendants reduced the amount of time they seek to be compensated for from 19.2 to 9.8 hours.   Plaintiff then argues that even the 9.8 hours is unreasonable because Defendants had previously reviewed the documents in question.   As such, Plaintiff seeks a further reduction.

Defendants claim that they never reduced the amount of time for which they seek compensation.   Defendants seek compensation for the full 19.2 hours.   They claim that 9.5 hours of this entry are "uncontested hours" and must be treated accordingly.   (*See* Second William H. Newman Cert. Exhibit B).   Defendants further claim that the remaining 9.8 hours should be fully reimbursed as the work performed was essentially and the time billed reasonable.

Plaintiff has not provided the Court with any reason why 9.5 of the 19.2 hours should be reduced.   As a result, the Court shall award these 9.5 hours as a matter of law.   With respect to the remaining 9.8 hours, the Court shall reduce same to 4.9 hours.   The Court is cognizant that the work performed by Defendants was substantial and central to the litigation.   However, Defendants' ledger indicates that multiple paralegals were working on the same task and their time entries are virtually identical.   For example, on November 3, 2011, Richard Marsico billed

14

5.1 hours to "look through TV relativity hosting documents for specific invoice (invoice 2225)." That same day an additional 3.8 hours were billed by paralegal Elizabeth Greenspan to "search for invoice received from TV on relativity." Further, on November 4, 2011, there are another two entries for 5.4 hours and 4.1 hours, which are virtually identical to the entry from November 3rd. Based on the substance of the entries, the Court finds this to be excessive and will only allow 4.9 additional hours to be charged. Thus, the Court finds that a total of 14.4 hours is compensable. The disallowed hours shall be charged at a rate of $125.55 per hour to take into account the fact that the hours found to be excessive represent work performed by paralegals.

> 7. **Extensive Written and Oral Communications with TV Re Deficiencies in Its Production Concerning Invoice No. 2225 [Time Entries from 11/2/11 to 11/8/11]—10.7 hours**

Plaintiff objects to 9.4 of the 10.7 hours of work for which Defendants seek reimbursement. Plaintiff argues that this entry should be reduced because 9.4 hours of time spent editing a document request is unreasonable and time spent on internal conferences is not compensable.

Defendants, however, argue that 9.4 hours is appropriate and the time was not spent solely on the document request, but included time spent communicating TV's deficiencies to its counsel. Indeed, Defendants note that "work included (i) preparing a two-page letter containing an eight-point bullet list of the types of documents concerning Invoice No. 2225 that TV should have – but failed – to produce, (ii) a telephone conference with TV about the invoice deficiencies, and (iii) internal attorney conferences." (*See* Reply Br. at 12).

Because 1.3 hours of the time billed is uncontested, it will be awarded to Defendants. Of the remaining 9.4 hours, the Court finds a reduction of 4.4 hours to be necessary. Defendants'

ledger indicates that two entries comprised a majority of the time billed.   On November 3, 2011,

Defendants charged 4.2 hours to edit a document request and meet internally to discuss

preclusion of the third invoice.   The following day, November 4, 2011, Defendants spent an

additional 4.2 hours discussing case strategy, editing the document request, editing a letter to

Cohen, and reviewing certain document requests.   Between these two entries 8.6 hours were

billed.   The Court finds this excessive.   As a result, the Court shall reduce the remaining 9.4

hours by 4.4 hours, compensating Defendants for an additional 5 hours of work, or a total of 6.3

hours.   The hours reduced shall be reduced at a rate of $209.25 per hour as the Court finds that

the disallowed time was billed by the associate working on the matter.

8.   **March 1, 2012 Court Conference Regarding Deficiencies in TV Document Production, Including Preparation for the Conference—0.8 Hours**

Plaintiff does not object to the .8 hours of work reflected in this category.   As a matter of

law, the Court finds this time to be compensable.

9.   **Assessment of Deficiencies in March 2012 TV Document Production—2.2 hours**

Plaintiff objects to .4 hours of the 2.2 hours for which Defendants seek reimbursement.

Plaintiff argues that this time should be reduced because Defendants billed for an internal

attorney conference.

As a matter of law, Defendants are entitled to 1.8 hours of compensation since Plaintiff

did not object to this time.   The Court also finds that Defendants are entitled to reimbursement

for the .4 hours spent conferring with one another.   As was stated earlier, this Court is reluctant

to reimburse internal attorneys conferences when they are bundled with other work and their

16

specific duration is unknown.   However, this entry does not present either of those issues and the

Court does not find a 20 minute internal attorney conference to be excessive.

> 10. **Written Communications with TV Regarding Deficiencies in March 2012 Document Production [Time Entries from 3/6/12 to 4/24/12]—1.6 Hours**

Plaintiff does not object to the 1.6 hours of work reflected in this category.   As a matter

of law, the Court finds this time to be compensable.

> 11. **May 4, 2012 Court Conference Regarding Deficiencies in TV Document Production, Including Preparation for the Conference—2.4 Hours**

Plaintiff objects to .4 hours of the 2.4 hours for which Defendants seek reimbursement.

Plaintiff argues that this time should be reduced because Defendants billed for an internal

attorney conference.

As a matter of law, Defendants are entitled to 2 hours of compensation for this time entry

since Plaintiff raised no objection to same.   The Court also finds that Defendants are entitled to

reimbursement for the .4 hours spent internally discussing outstanding discovery issues and the

upcoming court conference. This entry clearly delineates the time spent on the internal

discussions and the time delineated is not excessive.

12.   **Assessment of Deficiencies in November 2012 Document Production [Time Entries from 12/13/12]—1.5 Hours**

Plaintiff objects to these 1.5 hours claiming that the billing entry is vague and not relevant to the alleged discovery violation.   The contested 1.5 hours are for the December 13, 2012 entry labeled: "review change log and compare to invoice for time entry accuracy."

Defendants argue that this time is compensable.   They explain that the "change log" was a document sent by Plaintiff which "records the changes made to software by programmers." (Opp. Br. at 14).   Defendants argue that these 1.5 hours were time spent reviewing the change log to determine if it revealed gaps in Plaintiff's document production.   In fact, the change log did identify several TV employees who were involved in Plaintiff's work but whose emails had never been produced.

The Court finds this time to be compensable and awards Defendants the full amount.

13.   **Assessment of Deficiencies in February 2013 TV Production of E-mails from TV's Internal Employee Accounts [Time Entries from 3/4/13]—7 Hours**

Plaintiff argues that these 7 hours should be drastically reduced since Defendants' ledger bundles two separate tasks.   The March 4, 2013 entry states: "Completed review of TV email production.   Compiled notes summarizing findings.   Discussed **briefly** with [attorneys]." (*See* Newman Cert., Ex. B. 13 at p. 1) (emphasis added)).   Defendants, in contrast, claim they deserve full compensation for this time since Plaintiff did not raise a specific objection.   They also claim their attorney conferences are compensable.

The Court finds Plaintiff's argument to be persuasive, but will only subtract 0.5 hours to discount Defendants' bundled entry.   Although the ledger is unclear on how much time was

spent compiling notes, reviewing the email production, and meeting internally, it states the discussion was brief. This modifier is telling. Any subtraction of time for the bundled entry should also credit Defendants for providing a modicum of specificity. Furthermore, the Court finds that the time billed is reasonable for the tasks undertaken. As consistent with Defendants' ledger, the disallowed time shall be reduced at a rate of $237.15 per hour.

14. **Written and Oral Communications with TV Regarding Deficiencies in February 2013 Document Production [Time Entries from 3/6/13]—1 Hour**

Plaintiff argues that this 1 hour of time is unreasonable because Defendants bundle two different tasks in the same entry. Defendants' ledger for March 6, 2013 states as follows: "Discussed TV document review with JES and ZL, drafted email to MW re production deficiencies." Plaintiff does not dispute that drafting the email is a compensable category of work; they object to the fraction of the hour billed as an attorney conference. Defendants, however, argue that attorney conference time is properly compensable and thus they should be reimbursed for the full hour.

The Court agrees with Defendants. While bundled time entries are generally not favored, this entry is not objectionable. Both the email and the attorney conference are compensable and the time charged is reasonable for the tasks billed.

15. **Assessment of (I) Deficiencies in April 2013 TV Document Production and (II) Accuracy of TV Certifications Dated April 11, 2013 and April 29, 2013—5.9 Hours**

Plaintiff argues that these 5.9 hours of time should be reduced because Defendants bundle two different tasks in the same entry. Defendant's ledger for April 11, 2013 states as follows: "Reviewed TV document production of email attachments. Discussed with JES and drafted

19

email to MW."   Plaintiff does not dispute that the review of its document production is a compensable category of work.   However, it objects to Defendants' bundling of numerous tasks into one entry.

While Defendants' time entry bundles the aforementioned tasks together, this is not a situation in which the Court finds the bundling to be impermissible.   Numerous unrelated tasks were not lumped together indiscriminately into a single entry.   Instead, the tasks listed were related.   More importantly, the Court finds that the time spent on said tasks was reasonable.   As such, the Court shall permit Defendants to be reimbursed for the full 5.9 hours.

> 16.   **Extensive Written and Oral Communications with TV Regarding Deficiencies in Its April 2013 Document Production and Inaccuracies in Its Certifications—7.7 Hours**

Plaintiff seeks a reduction of 3.5 hours of time for this entry, claiming Defendants spent excess time on internal attorney conferences and duplicative work.   Plaintiff also claims that Defendants have reduced this time entry to 4.8 hours even though this is not reflective of Defendants' fee application or reply brief.

Defendants claim that 4.2 hours of time is not objected to and consequently seek to be reimbursed for this time.   Of the remaining 3.5 hours, Defendants claim their work was not duplicative and includes time where attorneys performed other tasks including, legal research, telephone conferences with opposing counsel, document review, as well as letter drafting and revision.   (*See* Reply Brief at 16).

Having reviewed Defendants' time ledger, the Court is satisfied with the specificity provided and finds the amount of time billed to be reasonable.   Consequently, no reduction of time will be granted for this entry.

17. **Written and Oral Communications with TV Regarding Deficiencies in May 2013 Document Production—1.3 Hours**

Plaintiff requests a reduction of .65 hours of the 1.3 hours for which Defendants seek reimbursement.    Plaintiff argues that this time should be reduced because Defendants spent too much time on internal attorney conferences.

As a matter of law, Defendants are entitled to .65 hours of compensation for this entry since Plaintiff raised no objection.    The Court also finds that Defendants are entitled to reimbursement for the .65 hours spent internally discussing outstanding discovery issues.    As such, the Court finds the full 1.3 hours to be compensable.

18. **Written and Oral Communications with TV Regarding Deficiencies in June 2013 Document Production—0.5 Hours**

Plaintiff fails to address this category of work.    As a matter of law, the .5 hours will be reimbursed to Defendants.

19. **Communication with TV Regarding Outstanding Deficiencies from All Its Document Productions, Including Compilation of a Comprehensive Summary of those Deficiencies—2.1 Hours**

Plaintiff does not object to these time entries.    As a matter of law, the 2.1 hours will be reimbursed to Defendants.

20. **Drafting Letter to Court Summarizing TV Document Production Deficiencies and Seeking Permission to Move to Compel, Including Summary of Specific Documents TV Failed to Produce[Time Entries from 11/12/12-11/14/12]—3.9 Hours**

Plaintiff asks for a reduction to this entry because time spent on an internal attorney conference was bundled in the same ledger entry as time spent drafting a letter to the Court.    The

ledger states as follows: "Prepare letter to the court concerning discovery dispute; confer with DMK, WHN regarding same."

Defendants argue that the 3.9 hours spent drafting this two-page, eight paragraph letter to the Court should be compensable since it is a reasonable amount of time charged for the task, especially in light of the fact that the Court would end up granting the motion to compel. Furthermore they claim that Plaintiff has provided no reason why this amount should be reduced.

The Court agrees with Defendants that the time charged is reasonable for the work billed. The Court also finds nothing objectionable about the minor grouping of related tasks in Defendants' time entry.   As a result, the Court finds the total 3.9 hours to be compensable.

21. **Letter Motion to Compel, Including Review of Background Materials, Legal Research, Analysis, Drafting and Communications with TV Concerning Its Compliance with the Court's Decision on the Motion—23.5 Hours**

Plaintiff argues that there should be a reduction to the time charged because of the "excessive number of hours spent on the letter to the Court, internal Town Sport's attorney conferences and the 7.8 hours of paralegal time, which includes 4 hours of fact checking."   (*See* Opp. Br. at 15).

Plaintiff does not object to 3.9 hours of time and as a matter of law these will be awarded to Defendants.  The remaining hours of time will also be awarded to Defendants.  The Court finds that Defendants have properly stated the amount of time spent on these tasks in their fee application, time ledger, and reply brief. Defendants' time ledger indicates well over twenty different entries for this category of work.   Furthermore, Plaintiff's objections to these hours are

conclusory arguments without any further support. The Court does not find the amount of time spent on these tasks to be unreasonable and will compensated Defendants for the full 23.5 hours.

> 22. **Oral Argument Regarding Motion to Compel and Status Conference with the Court By Telephone, Including Preparation for the Conference—4.4 Hours**

Plaintiff argues that these 4.4 hours should be reduced because the collective time preparing for the Motion to Compel is excessive.  Defendants, however, argue that the time spent was appropriate.  They note that only 1.9 hours of time were spent prior to the oral argument and, in fact, 2.5 of the hours were spent on the day of the argument.  Furthermore, Defendants claim there is no basis to conclude this amount of time was unreasonable since the motion to compel concerned a complicated set of facts.   (*See* Reply Br. at 20).

The Court agrees with Defendants and no reduction in time will be granted. Plaintiff has not objected with specificity to the time charged and cannot rely solely on conclusory statements as the basis of its argument.

> 23. **Revision of Scheduling Orders Throughout Litigation in Light of Delays Caused by TV Document Production Deficiencies, Including Negotiating Revised Schedules with TV and Preparing and Submitting Proposed Scheduling Orders to the Court—4.2 Hours**

Plaintiff argues that none of these hours should be allowed because this time would have been spent on the litigation regardless of any discovery dispute.  Defendants acknowledge that discovery scheduling is a normal part of litigation.  However, they claim that the time spent on these six revisions is compensable since Plaintiff's discovery deficiencies were the cause of the numerous extensions and revisions to the discovery schedule.

Plaintiff also argues that some of Defendants' ledger entries are not descriptive enough to be compensated. For example, on November 9, 2011, Defendants billed .10 hours for "discovery schedule matters" and on November 10, 2011, Defendants billed .3 hours for "scheduling order matters." In response, Defendants claim that these hours were explained in their first certification.

The Court agrees with Defendants and finds that the time spent as delineated in their ledger for this category of work is fully compensable.

24. **Letter Request for Permission to Move for Sanctions, Including Review of Background Materials, Legal Research, Analysis and Drafting—9.8 Hours**

Plaintiff objects to this entry claiming that the time spent drafting this letter is excessively unreasonable. Plaintiff claims that multiple attorneys spent time working on the letter which created an excessive number of hours for one event. Defendants, however, maintain that this time is compensable and do not think the time spent researching, drafting, and revising the three page letter to be excessive.

The Court finds these hours to be excessive in light of the task at hand. On May 7, 2013, Defendants billed 2.5 hours of time to draft the letter requesting sanctions and perform legal research regarding case law on sanctions. The following day, May 9, 2013, Defendants billed another 2 hours for revisions to the letter with apparently two attorneys working on this task. Again, on May 9, 2013, Defendants billed 1.7 hours to finalize and send the letter. As such, Defendants' ledger indicates that four different people worked on this task. Under these circumstances, the Court finds it appropriate to reduce the requested time by two hours. As such, Defendants will be compensated for 7.8 hours. The time disallowed will be reduced at a

rate of $325.41 per hour to reasonably take into account the billing rates of all of the individuals who contributed to the excessive time charged.

  25. **Review of TV Response to Letter Request and Preparation of Reply Letter, Including Legal Research, Analysis and Drafting—8.2 Hours**

  Plaintiff argues that none of these 8.2 hours should be allowed because of duplicative attorney time spent drafting the letters at issue and reviewing Plaintiff's responses.   Defendants, however, claim that the bulk of the 8.2 hours charged represents work performed by one attorney. They note that the other time was spent reviewing Plaintiff's opposition, strategizing a reply, and reviewing drafts of said reply.

  The Court finds that the time billed was reasonable for the tasks performed.   While more than one person worked on these tasks, the bulk of the time charged, as Defendants note, was billed by a single attorney.   Under these circumstances, the Court finds that the time spent is compensable in full.

  26. **Motion for Sanctions, Including Legal Research, Analysis, and Drafting of Memorandum of Law and Related Documents—80.8 Hours**

  Plaintiff objects to this entry claiming it is "the product of excessive billing and multiple attorneys working on the same task."   (Opp Br. at 18).   Plaintiff claims that this motion could have been drafted in six to seven hours.   Consequently, it asks the Court to reduce the number of compensable hours.   Further, Plaintiff does not believe that time spent preparing for Paul Maselli's deposition or time spent strategizing to be compensable.

  Defendants, on the other hand, argue that they are entitled to be compensated for this time and claim that the work performed in relation to this motion involved case law research,

preparation of a legal brief and supporting certification, compiling exhibits, and paralegal time to cite and fact check the materials.   Defendants also point out that Plaintiff sought a week extension to prepare for the motion, undermining its argument that the motion could have been completed in just 6-7 hours.   Defendants also note that they do not seek to be reimbursed for time spent preparing for Paul Maselli's deposition.   Instead, they clarify that the inclusion of that time entry in its moving papers was in error and not reflected in the requested 80.8 hours.

The Court agrees with Defendants.   Drafting the motion for sanctions, represents a heavy undertaking that involved significant legal research and analysis.   The idea that such a motion could have been drafted in 6-7 hours is irrational.   Other than generally taking issue with the amount of time spent on the tasks related to drafting the motion for sanctions, Plaintiff's raise no specific objections.   The Court finds the hours billed by Defendants to be reasonable and shall compensate Defendants fully for them.

27.   **Supplemental Work Concerning Sanctions Motion, Including (I) Review of TV Response to Motion for Sanctions and Preparation of Reply, Including Legal Research, Analysis and Drafting of Memorandum of Law and Related Documents and (II) Review of Magistrate Report and Recommendation Concerning that Motion—28.1 Hours**

Plaintiff's argue that the time spent by Defendants on these tasks is "excessively unreasonably."   (Opp. Br. at 18).   In this regard, Plaintiff notes that 3 different attorneys worked on reviewing Plaintiff's opposition to Defendants' motion and preparing Defendants' reply, collectively spending 2.5 hours on the former task and 19.6 hours on the reply brief.   Plaintiff claims that this is unreasonable.   Plaintiff also takes issue with the 1.3 hours billed by Defendants on "internal attorney strategy."   (*Id.*)   Further, Plaintiff notes that Defendants

charged 1.4 hours of paralegal time, including 1 hour of paralegal time for "Add documents to paper file."   Plaintiff argues that it is unclear what that entry even means.   At most, Plaintiff argues that it should have taken Defendants 3-4 hours to draft their reply.   In addition, Plaintiff claims that the 4 hours Defendants spent reviewing the Court's Report and Recommendation is excessive, arguing that this task should have taken at most 20 minutes.   Consequently, Plaintiff seeks a dramatic reduction of the fees allowed for these tasks.

Defendants, however, maintain that the full 28.1 hours should be compensable.   First, Defendants argue that only two attorneys billed time reviewing Plaintiff's opposition brief. Second, Defendants take issue with Plaintiff's suggestion that the reply brief could have been written in 3-4 hours, or, in other words, less than half a day.   Defendants argue that the 19.4 hours it spent working on the reply "is a reasonable amount to perform legal research, draft the reply and compile its exhibits."   (Reply Br. at 25).   Third, Defendants state that the hour spent by its paralegal adding documents to the paper file is reasonable and when read in context with the attorney time entries indicates that the paralegal spent that time "compiling the papers associated with the reply brief for the contempt motion."   (*Id*.)   Fourth, Defendants argue that Plaintiff did not object to the reasonableness of the time spent by its attorneys strategizing and that this time is compensable.   Fifth, and finally, Defendants argue that the 4 hours collectively billed by an associate and counsel reviewing the Report and Recommendation was reasonable as it included, not only the review of the Report and Recommendation, but also an assessment of whether any objections should be lodged regarding same.

The Court generally agrees with Defendants that the time billed was reasonable, not duplicative and compensable.   The one exception is that the Court finds the 4 hours billed with

respect to Defendants' review and assessment of the Report and Recommendation to be excessive.   The Court finds that Defendants should have been able to have completed their review and assessment of whether any objections needed to be made in 3 hours.   Consequently, the Court shall reduce the fee application by 1 hour.   The total time to be compensated is therefore 27.1 hours.   The Court finds that the time reduced should be disallowed at counsel's rate of $381.30 per hour.

> 28.   **Preparation of Fee Application Including Review of Time Records and Case Law Research--89.9 Hours**

Plaintiff argues that the time billed by Defendants in their preparation of their fee application is unreasonable.   In this regard, Plaintiff notes that Defendants spent 18.2 hours reviewing billing entries, 47.2 drafting their fee application, 1.8 on internal strategy meetings regarding their fee application as well as significant time reviewing the District Court's decision to adopt this Court's Report and Recommendation, a decision that was only two pages long and should not have required the time of two attorneys.   Plaintiff argues that the declaration in support of Defendants' fee application could have been drafted in 8-10 hours, not 47.2.   (*See* Opp. Br. at 19).   Further, Plaintiff claims that the 9.5 hours spent researching attorney's fees and the recovery of same is excessive and should be reduced.   Similarly, while Plaintiff acknowledges that Defendants' billing entries were voluminous, it claims that the 18.2 hours charged to review them is excessive.   As a result, Plaintiff argues that the Court should reduce the fees requested by Defendants.

Defendants, however, contend that the 89.9 hours spent on their initial fee application is reasonable.   Defendants argue that Plaintiff provides no basis for its argument that Defendants

"nineteen-page certification that explained each of the twenty-eight different categories of TSI's expenses, presented the appropriate case law, and justified TSI's rates, and fact-checking the very detailed discussion of time records" could have been performed in 8 to 10 hours. (Reply Br. at 26). Further, they argue that the time spent, *i.e.,* 18.2 hours, reviewing nearly three years of billing records, which even Plaintiff admits are voluminous, is reasonable. In addition, Defendants claim that 9.5 hours spent researching attorney rates under the Lodestar method was reasonable because "rates are not discussed in detail in many published fee application decisions" thus requiring Defendants to perform a "significant amount of case research to find cases with clear guidance on reasonable rates for partners, associates, and paralegals." (*Id*. at 26-27).

The Court finds that Defendants' work on their fee application is generally compensable. Specifically, it finds the 18.2 hours spent reviewing billing records and the 9.5 hours of research to be fully compensable. Unlike Defendants, however, the Court finds the time spent drafting the fee application, *i.e.,* 47.2 hours, to be excessive given the task on hand. Nevertheless, in light of the work involved, the Court also finds Plaintiff's 8 to 10 hour estimate to be unreasonable. Instead, the Court finds that permitting 35 hours towards the drafting of the fee application to be appropriate. As a result, the Court shall reduce Defendants' fee application by 12.2 hours and compensate Defendants for 77.7 hours of work. The disallowed time shall be reduced at a rate of $324.61 per hour to take into account the fact that the excessive time charged relates to work performed by the associate and counsel.

29.  **Review of TV's Opposition to this Fee Application and Drafting this Reply—77.7 Hours**

Defendants argue that they are also entitled to be compensated for the 77.7 hours spent reviewing Plaintiff's opposition to the instant fee application and preparing their reply to same. Defendants note that they indicated in their opening brief that they would seek compensation for this time.   Further they argue that the 66.6 hours[2] spent reviewing Plaintiff's opposition to their fee application and drafting their reply was a reasonable amount of time to spend in light of the objections raised by Plaintiffs and their need to prepare a point by point response.

Further, Defendants seek to be compensated 11.1 hours for work performed on April 11, 2014, finalizing and filing their primary submission; work which Defendants claim could not have been set forth "in advance of actually making its principal submission."   (Reply Br. at 27).

The Court finds the hours spent by Defendants reviewing Plaintiff's opposition brief and preparing their reply to be generally compensable; though it believes the 66.6 hours actually billed to be excessive.   The Court acknowledges that a lot of work went into the reply.   Unlike Defendants, however, the Court did not find Plaintiff's objections to be overly detailed and specific and, as such, finds the time billed by Defendants to be excessive.   The Court shall reduce the 66.6 hours billed by Defendants by 10 hours and shall compensate them for 56.6 hours of work.   The Court finds that the excess work on the fee application was performed by the associate.   As a result, the disallowed time shall be reduced at a rate of $251.10 per hour.

Further, the Court finds that the time spent by Defendants finalizing their primary fee application to be compensable.   However, the Court shall disallow the 2.20 hours spent

_____

[2] Defendants, in their reply, refer to 66 hours of time.   However, it is clear from their ledger that 66.6 hours of time were billed.

"finaliz[ing] fee application papers."  This entry lacks the specificity needed for the Court to determine whether the hours spent were reasonable.  Consistent with Defendants' ledger, the disallowed time shall be reduced at a rate of $381.30 per hour.

In total then, the Court shall compensate Defendants for 65.5 hours for this category of work.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion is GRANTED IN PART.  As set forth above, the Court shall reduce the 423.2 hours requested by Defendants by 39.2 hours.   Thus, the Court shall require Plaintiff to reimburse Defendants for 384.0 hours of work.   Further, consistent with the specific rates delineated in this Memorandum Opinion, the disallowed 39.2 hours equates to a monetary reduction in the amount of $10,496.69 in the fees requested by Defendants.   As a result, Defendants' fee application shall be granted in the amount of $104,407.50.

**IT IS SO ORDERED.**

Dated: November 17, 2014


s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**